IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:09-CR-11-F-1
No. 4:12-CV-105-F

| | | |
|---|---|---|
| ELTON BOONE, | ) | |
| | ) | |
| Petitioner, | ) | **MEMORANDUM AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before this court on the government's motion to dismiss [DE-96] Petitioner Elton Boone's ("Boone" or "Petitioner") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE-88]. Boone responded to the government's motion. [DE-101]. The time for responding to the pending motions has expired; accordingly, the motions are ripe for review. These motions were referred to the undersigned and are considered here as a recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons stated below, it is recommended that the government's motion to dismiss be allowed and Petitioner's § 2255 petition be denied.

## I. BACKGROUND

On June 8, 2009, Boone pled guilty pursuant to a written plea agreement to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count 1), as charged in the single-count criminal information.[1] [DE-51, -60, -61]. The U.S. Probation Office determined Boone was a career offender, based on his prior

---

[1] Petitioner was originally indicted in a two-count indictment [DE-35], but Petitioner waived prosecution by indictment and consented that the criminal proceeding be by information instead [DE-61]. Petitioner pled guilty to the charged conduct in the criminal information.

state convictions, including 1994 convictions for possession with intent to sell and deliver cocaine and for aiding and abetting. Presentence Report ("PSR") ¶¶ 16, 18, 48. Petitioner did not object to this finding. *See* PSR Addendum. On November 12, 2009, Boone appeared before the district court, with the presence of defense counsel, for sentencing on his drug offense. [DE-69]. Prior to sentencing, the government filed a motion with the court for downward departure pursuant to U.S.S.G. § 5K1.1 for Petitioner's substantial assistance. [DE-67]. On November 12, 2009, the court granted the government's motion and entered judgment, sentencing Petitioner to a term of 270 months' imprisonment and five years supervised release. [DE-72] at 2-3. Petitioner did not file an appeal.

At the earliest, on May 23, 2012, Petitioner filed *pro se* the instant motion to vacate, set aside or correct sentence pursuant to § 2255 alleging that (1) he received ineffective assistance of counsel; (2) there was plain error in designating Petitioner a career offender; and (3) Petitioner is actually innocent of his prior felony convictions.[2] Pet'r's Mot. [DE-88] at 4-7. On August 24, 2012, the government filed its motion to dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted, Gov't's Mot. to Dismiss [DE-96], to which Petitioner filed his response, Pet'r's Resp. [DE-102].

## II. LEGAL STANDARDS

### A.   Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the

---

[2] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing § 2255 Proceedings. Petitioner dated his signature on the § 2255 motion as May 23, 2012, and the motion was filed with the court on May 29, 2012. Pet'r's Mot. at 13, 30. Therefore, Petitioner's motion is not within one year of the date his judgment became final. 28 U.S.C. § 2255(f)(1); *see* Fed. R. App. P. 4(b)(1)(A)(1) (allowing 14 days for a defendant to appeal his criminal conviction after entry of judgment). Petitioner concedes that his § 2255 motion is not timely. Pet'r's Mot. at 12.

2

complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

**B.      28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, 28 U.S.C. § 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was

3

imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

### III. DISCUSSION

Petitioner asserts several grounds for relief in his § 2255 motion, including claims for ineffective assistance of counsel and claims that Petitioner was improperly sentenced as a career offender in light of the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). Pet'r's Mot. at 14-26. In its motion to dismiss, the government alleges that dismissal is warranted for the following reasons: Petitioner's § 2255 motion is untimely and equitable tolling does not apply, and Petitioner's state felony convictions still qualify under *Simmons*. Gov't's Mem. [DE-97] at 2-8.

Section 2255(f) provides that a § 2255 motion must be filed within a one-year period of limitation from the latest of four possible triggering events: (1) the date on which the judgment of

conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(1)-(4). "If a [petitioner] cannot fit his petition into the time frame specified by one of these four categories, it must be dismissed as untimely." *Gadsen*, 332 F.3d at 226.

Petitioner contends that his motion is timely under (f)(3) and that equitable tolling should apply. Pet'r's Resp. 6-8. Here, Petitioner's timeliness argument under (f)(3) fails for two reasons. First, in light of the Supreme Court decision in *Dodd v. United States*, 545 U.S. 353 (2005), Petitioner's motion is outside the one-year period of limitation allowable under § 2255(f)(3). In *Dodd*, the Supreme Court held that the date from which the one-year period of limitation under § 2255(f)(3) begins to run is the date on which the right is initially recognized by the Supreme Court; not the date on which the right is subsequently made retroactive. 545 U.S. at 357. The court strictly relied on the text of § 2255(f)(3) which "unequivocally identifies one, and only one, date from which the 1-year limitation period is measured," that being the date the right asserted was initially recognized by the Supreme Court. *Id.* As such, Petitioner had one year from the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), the case that the Fourth Circuit's decision in *Simmons* relied upon in interpreting North Carolina's Structured Sentencing Act, to file his § 2255 motion. *Carachuri-Rosendo* was decided on June 14, 2010, making this date the

5

operative date commencing the one-year period of limitation under § 2255(f)(3). Petitioner's § 2255 motion was filed on May 23, 2012, at the earliest, which is well beyond this one-year period of limitation. Second, in *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012), the Fourth Circuit held that *Carachuri-Rosendo* announced a procedural rather than a substantive rule and therefore is not retroactively applicable to cases on collateral review. 691 F.3d at 558-59. Thus, *Powell* precludes the Petitioner from satisfying the retroactivity requirement set out in § 2255(f)(3). Accordingly, Petitioner's motion to vacate is not timely under § 2255(f)(3).[3]

Next, Petitioner argues that if the court should find that his § 2255 motion is not timely, then the doctrine of equitable tolling should be applied. Pet'r's Resp. at 6. Specifically, Petitioner contends that the change in Fourth Circuit law brought about by *Simmons* was an "extraordinary circumstance" and, in addition, that he filed his § 2255 petition as soon as practicable after his claim for relief arose under *Simmons*.[4] *Id.* at 3, 6. Petitioner also cites his lack of legal knowledge and unfamiliarity with the time constraints in filing a § 2255 motion. Pet'r's Mot. at 12.

The Supreme Court has held that a petitioner is entitled to equitable tolling of the statutory limitations period if: (1) he has been pursuing his rights with "reasonable diligence" and (2) some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Fourth Circuit has defined "extraordinary circumstances" as (a) extraordinary

---

[3] Petitioner's motion is untimely under each prong of § 2255(f). Moreover, the recent Fourth Circuit case of *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), does not change the conclusion that Petitioner's motion is untimely. *Id.* at 143 (noting that the government waived the statute of limitations "which would normally bar Miller's motion as untimely").

[4] The basis of Petitioner's argument is that the right announced by the Supreme Court in *Carachuri-Rosendo* is retroactive on collateral review and that equitable tolling should apply if a petition was filed within a short time of the holding in *Simmons*. Pet'r's Mot. at 12 (citing *Bryant v. United States*, Nos. 2:03-CR-1-BO-1, 2:11-CV-72-BO, 2012 WL 1119756 (E.D.N.C. Apr. 3, 2012)).

circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from filing on time. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Generally, lack of legal representation and ignorance of the law or legal process is not a basis for equitable tolling. *Id.* Moreover, this court has held that many defendants are in the "same procedural dilemma" as Petitioner and *Powell* definitively held that *Carachuri-Rosendo* is not retroactively applicable on collateral review, thereby foreclosing Petitioner's situation from being an "extraordinary circumstance." *Walton v. United States*, Nos. 2:07-CR-17-F-1, 2:11-CV-69-F, 2013 WL 1309277, at *4 (E.D.N.C. Mar. 28, 2013) (quoting *Grimes v. United States*, No. 5:08-CR-103-H, 2013 WL 140041, at *2 (E.D.N.C. Jan. 10, 2013)); *see also Goode v. United States*, Nos. 5:06-CR-81-BO-1, 5:12-CV-345-BO, 2012 WL 4577244, at *1 (E.D.N.C. Oct. 2, 2012) (finding equitable tolling did not apply in light of *Powell*). In addition, no "miscarriage of justice" has occurred where the sentence imposed in this case was not greater than the statutory maximum applicable to the offense. *See Powell*, 691 F.3d at 563 n.2 (King, J. dissenting in part and concurring in the judgment in part). Thus, the court declines to apply equitable tolling and finds Petitioner's § 2255 motion to be untimely.

## IV. CONCLUSION

Based on the foregoing, it is RECOMMENDED that Petitioner's motion [DE-88] under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence be DENIED and that the government's motion to dismiss [DE-96] Petitioner's § 2255 petition be ALLOWED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review

7

Case 4:09-cr-00011-F Document 116 Filed 03/27/14 Page 7 of 8

by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO SUBMITTED, this the 27th day of March 2014.

Robert B. Jones, Jr.
United States Magistrate Judge