IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:09-CR-00011-F-1
No. 4:12-CV-00105-F

| | | |
|---|---|---|
| ELTON BOONE, | ) | |
|     Petitioner | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This matter is before the court on Objections [DE-118, DE-121] to the Memorandum and Recommendation [DE-116] of United States Magistrate Judge Robert B. Jones, Jr., regarding the Government's Motion to Dismiss [DE-96] Elton Boone's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-88]. Also before the court is Boone's Motion to Amend [DE-122] that was filed after the Magistrate Judge entered his Memorandum and Recommendation. For the reasons set forth below, the court ADOPTS the recommendation of the Magistrate Judge to ALLOW the Government's Motion to Dismiss. Also, Boone's Motion to Amend is DENIED.

**Factual and Procedural Background**

On February 19, 2009, Boone was charged in both counts of a two-count indictment. *See* Indictment [DE-35]. A single-count criminal information was filed on June 2, 2009. *See* Criminal Information [DE-51]. In the criminal information, Boone was charged with conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. At his arraignment held on June 8, 2009, Boone pled guilty to the criminal information pursuant to a written plea agreement [DE-60].

Boone was sentenced to 270 months' imprisonment on November 12, 2009. *See* Judgment [DE-72]. Boone did not appeal his conviction or sentence.

On May 29, 2012, Boone filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-88]. In his § 2255 motion, Boone argues that he is entitled to relief on the following grounds: (1) his attorney provided ineffective assistance of counsel; and (2) he is not a career offender in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

The Government filed a Motion to Dismiss [DE-96], arguing that dismissal is warranted because Boone's claims are untimely; his claims do not justify implication of the doctrine of equitable tolling; and he is not entitled to relief for an alleged error in the application of the Sentencing Guidelines.

On March 27, 2014, the Magistrate Judge issued a Memorandum and Recommendation ("M&R") [DE-116] addressing Boone's § 2255 motion. The Magistrate Judge concluded that Boone's § 2255 motion was untimely under each prong of 28 U.S.C. § 2255(f). [DE-116 at 6 n.3.] The Magistrate Judge further concluded that Boone was not entitled to equitable tolling. *Id.* at 7. The Magistrate Judge recommended that Boone's § 2255 motion [DE-88] be denied and the Government's Motion to Dismiss [DE-96] be allowed. *Id.*

Boone filed Objections [DE-118, DE-121] to the M&R on March 11, 2014 and May 12, 2014. In his Objections, Boone argues that the Magistrate Judge's decision is erroneous, in light of the Fourth Circuit's recent decision in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014).

**Discussion**

**I. § 2255 Motion**

2

**Boone's Motion to Vacate is Time-Barred.**

On April 24, 1996, Congress enacted the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of - -
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). When a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25, 532 (2003).

In this case, Boone's Judgment was entered on November 12, 2009 [DE-72], and he filed the instant § 2255 motion on May 23, 2012, at the earliest.[1] Thus, Boone filed his § 2255 motion well beyond this one-year period. For this reason, Boone has not shown that his motion is timely

---

[1] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing § 2255 Proceedings. Boone dated his signature on the § 2255 motion as May 23, 2012.

3

under § 2255(f)(1). Additionally, Boone does not allege that governmental action impeded his ability to file his § 2255 motion. Thus, Boone's § 2255 motion is not timely under § 2255(f)(2). Boone's motion is also untimely pursuant to 28 U.S.C. § 2255(f)(3), as Boone's motion is not based upon a newly recognized right made retroactively applicable by the Supreme Court. *See United States v. Powell*, 691 F.3d 554, 560 (4th Cir. 2012) (holding that *Carachuri-Rosendo* is not retroactively applicable to cases on collateral review). Finally, Boone's motion is also not timely pursuant to 28 U.S.C. § 2255(f)(4). While it's true that under *Johnson v. United States*, 544 U.S. 295 (2005), "facts" may include court rulings and the legal consequences of known facts, the court ruling must have occurred in the petitioner's *own* case. *Messer v. United States*, Nos. 1:12-cv-00404-MR, 1:10-cr-00059-MR-DLH-1, 2014 WL 320135, at *4 (W.D.N.C. Jan. 29, 2014); *Jefferson v. United States*, Nos. 5:09-CR-251-FL-1, 5:11-CV-434-FL, 2014 WL 324625, at *8 (E.D.N.C. Jan. 28, 2014). The Fourth Circuit's ruling in *Simmons* does not constitute a new "fact" rendering Boone's claim timely under § 2255(f)(4). In sum, Boone's motion was not filed within one year of any of the circumstances described in § 2255(f), and as such, it is untimely.

Now, the court must determine whether Boone is entitled to equitable tolling. In order to be entitled to equitable tolling, the movant must show: (1) that he has diligently pursued his rights, and (2) that some extraordinary circumstance prevented the timely filing. *See Holland v. Florida,* 560 U.S. 631, 649 (2010).[2] In the Fourth Circuit, an otherwise time-barred petitioner

---

[2]Although *Holland* concerned a state prisoner's federal habeas action under § 2254, the Fourth Circuit has applied its rationale to federal prisoners' § 2255 actions. *See, e.g., Mubang v. United States,* No. DKC 03–0539, 2011 WL 3511078, at *15 n.17 (D.Md. Aug. 9, 2011) (citing *United States v. Terrell,* No. 10–6886, 2010 WL 5376290, at *1 (4th Cir. Dec. 21, 2010); *United States v. Oriakhi,* No. 08-8224, 394 Fed. Appx. 976, 977-78 (4th Cir. 2010)).

4

must show (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from filing on time. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

In his Objections [DE-121], Boone appears to argue that he is entitled to equitable tolling pursuant to *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014).[3] In *Whiteside*, the court was presented with the question of whether a federal inmate may use a § 2255 motion to challenge a sentence that was based on the career offender enhancement when case law later renders the enhancement inapplicable to the inmate. *Id.* at 543. The court held that equitable tolling applied to Whiteside's claim, and the erroneous application of the career offender enhancement amounted to a fundamental miscarriage of justice that could be corrected on collateral review. *Id.* at 555.

A review of the record reveals that Boone was found to qualify as a career offender based on the convictions set forth in paragraphs 16 and 18 of his Presentence Report.[4] *See* PSR ¶ 48. Paragraph 16 references a 1994 conviction for possession with intent to sell and deliver cocaine,

---

[3]*Whiteside* was decided on April 8, 2014. On July 10, 2014, the Fourth Circuit Court of Appeals granted the Government's petition for rehearing en banc. Oral argument is scheduled for September 18, 2014.

[4]A defendant is a career offender under § 4B1.1 when the following conditions are satisfied:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

5

for which Boone was sentenced to three years of custody. PSR ¶ 16. Paragraph 18 references a 1994 conviction for aiding and abetting possession with intent to sell and deliver marijuana, for which Boone was sentenced to four years of custody. PSR ¶ 18.

Boone has failed to show he no longer qualifies as a career offender. For this reason, *Whiteside* is not applicable. Accordingly, Boone has not shown he is entitled to relief.

## II. Motion to Amend

After the Magistrate Judge entered his M&R, Boone filed a Motion to Amend [DE-122]. In his Motion to Amend, Boone renews his argument that he should not have been sentenced as a career offender. [DE-122 at 1-2.]

The amendment of a § 2255 motion is governed by Rule 15 of the Federal Rules of Civil Procedure. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (noting that although the Rules Governing Section 2255 do not specify a procedure for amending motions, courts have typically applied Federal Rule of Civil Procedure 15). The Fourth Circuit has held that "the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical." *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th. Cir. 2002). "In either situation, leave should be freely granted, and should be denied only where 'good reason exists ... , such as prejudice to the defendants.'" *Id.* (quoting *Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (internal quotation and citation omitted)). Leave to amend should also be denied when the amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

As noted above, Boone has failed to show that he should not have been sentenced as a career offender. Therefore, Boone's Motion to Amend is DENIED.

6

## Conclusion

For the foregoing reasons, the court ADOPTS the recommendation of the Magistrate Judge as its own, and for the reasons stated therein, in addition to the above-stated reasons, the Government's Motion to Dismiss [DE-96] is ALLOWED and Boone's § 2255 motion [DE-88] is DISMISSED. Additionally, Boone's Motion to Amend [DE-122] is DENIED. The court concludes that Boone has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 29 day of July, 2014.

James C. Fox
Senior United States District Judge