IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:09-CR-00011-F-1
No. 4:12-CV-00105-F

| | | |
|---|---|---|
| ELTON BOONE, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This matter is before the court on Elton Boone's Motion Pursuant to Rule 59(e) [DE-129]. In his motion for reconsideration pursuant to Rule 59(e), Boone argues that the court should amend its July 30, 2014 Judgment.[1] For the reasons more fully stated below, Boone's Motion Pursuant to Rule 59(e) is DENIED.

**Factual and Procedural Background**

On February 19, 2009, Boone was charged in both counts of a two-count indictment. *See* Indictment [DE-35]. A single-count criminal information was filed on June 2, 2009. *See* Criminal Information [DE-51]. In the criminal information, Boone was charged with conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. At his arraignment held on June 8, 2009, Boone pled guilty to the criminal information pursuant to a written plea agreement [DE-60].

Boone was sentenced to 270 months' imprisonment on November 12, 2009. *See* Judgment [DE-72]. Boone did not appeal his conviction or sentence.

---

[1] The Judgment Boone appears to be referring to was actually entered on July 29, 2014 [DE-128].

On May 29, 2012, Boone filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-88]. In his § 2255 motion, Boone argued that he was entitled to relief on the following grounds: (1) his attorney provided ineffective assistance of counsel; and (2) he is not a career offender in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

The Government filed a Motion to Dismiss [DE-96], arguing that dismissal was warranted because Boone's claims were untimely; his claims did not justify implication of the doctrine of equitable tolling; and he was not entitled to relief for an alleged error in the application of the Sentencing Guidelines.

On March 27, 2014, the Magistrate Judge issued a Memorandum and Recommendation ("M&R") [DE-116] addressing Boone's § 2255 motion. The Magistrate Judge concluded that Boone's § 2255 motion was untimely under each prong of 28 U.S.C. § 2255(f). [DE-116 at 6 n.3.] The Magistrate Judge further concluded that Boone was not entitled to equitable tolling. *Id.* at 7. The Magistrate Judge recommended that Boone's § 2255 motion [DE-88] be denied and the Government's Motion to Dismiss [DE-96] be allowed. *Id.*

Boone filed Objections [DE-118, DE-121] to the M&R on March 11, 2014 and May 12, 2014. In his Objections, Boone argued that the Magistrate Judge's decision was erroneous, in light of the Fourth Circuit's recent decision in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014).

On July 29, 2014, the court entered an order [DE-127] adopting the Magistrate Judge's M&R. The Government's Motion to Dismiss [DE-96] was allowed, Boone's § 2255 motion [DE-88] was dismissed, and a certificate of appealability was denied. Also, the court denied

2

Boone's Motion to Amend [DE-122].

Boone filed the instant Motion Pursuant to Rule 59(e) [DE-129] on August 27, 2014.

**Legal Standard**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a court may "alter or amend the judgment" if the movant shows: (1) there has been an intervening change in the controlling law; (2) there is new evidence that was not available at trial; or (3) there has been a clear error of law or a manifest injustice. *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010); *see Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994). Rule 59(e) allows the district court to correct its own errors so as to spare the parties and the appellate courts the burden of unnecessary appeals. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A motion under Rule 59(e) "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Moreover, a Rule 59(e) motion should not serve as an opportunity to rehash issues already resolved by the court. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). The reconsideration of a court's judgment under Rule 59(e) is an extraordinary remedy, and as such, it should be applied sparingly. *Pac. Ins. Co.*, 148 F.3d at 403.

**Discussion**

The court finds that Boone has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. Specifically, Boone's instant motion does not stem from an intervening change in the applicable law, nor does his Rule 59(e) motion present evidence that was unavailable when Boone filed his § 2255 motion. Additionally, Boone has failed to show that a clear error of law has been made or that a failure to grant the motion would

result in manifest injustice to him. Rather, Boone merely argues that this court overlooked the relevant caselaw he cited and erred by summarily dismissing his § 2255 motion. Boone also argues that further factual consideration is warranted.

**Conclusion**

In light of the foregoing, Boone's Motion Pursuant to Rule 59(e) [DE-129] is DENIED.

SO ORDERED.

This the 2<sup>a</sup> day of September, 2014.

James C. Fox
Senior United States District Judge