IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CR-11-BO
No. 4:12-CV-105-BO

| | |
|---|---|
| ELTON BOONE,<br>Petitioner, | )<br>)<br>) |
| v. | )     O R D E R<br>) |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>) |

     This cause comes before the Court on defendant Boone's motion for relief from a final judgment, order, or proceeding pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. [DE 149]. The government has responded [DE 153], and the matter is ripe for review.

## BACKGROUND

     Petitioner is currently serving a 270 month sentence following his plea of guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. 21 U.S.C. §§ 841(a)(1) and 846; [DE 72]. Since petitioner's sentencing, this Court, Senior United States District Judge James C. Fox, then-presiding, has dismissed a motion filed by petitioner under 28 U.S.C. § 2255 and denied his motion for reduction in sentence under 18 U.S.C. § 3582. [DE 127; 141]. [1] In the instant motion, petitioner contends that he was improperly designated as a career offender and that his sentence should be amended without the erroneous career offender designation. [DE 149 at 1; 14]. Petitioner has also filed a request to supplement [DE 159], which the Court has considered.

---

[1] This matter was reassigned to the undersigned following Judge Fox's retirement. [DE 150].

## DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to relieve a party from final judgment under six enumerated circumstances, which include mistake or excusable neglect, newly discovered evidence, fraud or misrepresentation, judgment having become void, satisfaction of the judgment, or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6).

> Rule 60(b) applies to § 2255 proceedings, but only to the extent that it is not inconsistent with applicable statutory provisions and rules. Therefore, a Rule 60(b) motion in a habeas proceeding that attacks the substance of the federal court's resolution of a claim on the merits is not a true Rule 60(b) motion, but rather a successive habeas petition. A successive habeas petition may not be filed in district court without preauthorization from a court of appeals under § 2244(b)(3)(A). A Rule 60(b) motion that challenges some defect in the integrity of the federal habeas proceedings, however, is a true Rule 60(b) motion, and is not subject to the preauthorization requirement.

*United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (internal alterations, quotations, and citations omitted).

Petitioner's current motion, though denominated as a motion under Rule 60(b), attacks the substance of his sentence and raises no challenge to the integrity of the prior habeas proceedings. His motion is thus properly re-characterized as a motion under 28 U.S.C. § 2255 and is second or successive. As the court of appeals has not authorized petitioner to file a second or successive § 2255 petition, this Court is without jurisdiction to consider it and it must be dismissed. *See United States v. Winestock*, 340 F.3d 200, 206–07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence"); 28 U.S.C. § 2255(h) (appropriate court of appeals must certify a second or successive motion for filing); Fed. R. Civ. P. 12(b)(1). Petitioner need not be provided with notice of the Court's re-characterization of his motion as it has been construed as second or successive under § 2255(h). *See United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002); *United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished).

2

## CONCLUSION

Accordingly, for the foregoing reasons, petitioner's motion for relief from a final judgment [DE 149] is DISMISSED without prejudice. As reasonable jurists would not find this Court's dismissal of petitioner's motion debatable, a certificate of appealability is DENIED. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

SO ORDERED, this 2 day of October, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE